**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **HENNA CARDENAS**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **SPINNAKER RESORTS, INC.,** a Florida Corporation, <br><br> *Defendant*. | Case No.   9:18-cv-00761-DCN <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Henna Cardenas ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Spinnaker Resorts, Inc., ("Spinnaker") to stop its practice of making unsolicited telephone calls to the telephones of consumers nationwide who are registered on the National Do Not Call Registry and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

**NATURE OF THE ACTION**

1.      Defendant is a corporation that develops and aggressively markets timeshares located in South Carolina, Missouri, and Florida.

2.      In an attempt to market and sell its timeshares, within a single year, Defendant made multiple unsolicited promotional telephone calls to the landline telephones of Plaintiff and thousands of other members of the putative Class who are registered on the do not call registry. This violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3.      By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the annoyance, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls.

4.      The TCPA was enacted in part to protect consumers who registered on the do not call registry from, among other things, receiving more than one unsolicited phone call to their residential landlines within a 12-month period from any one entity to whom they have not given prior consent, and with whom they have not done business, exactly like those alleged in this case.

5.      In response to Defendant's unlawful conduct, Plaintiff filed this action seeking an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Henna Cardenas is a natural person and resident of Warren County, New Jersey.

7.      Defendant Spinnaker Resorts, Inc., is a Florida Corporation with its headquarters in Hilton Head, South Carolina. Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute that raises questions of federal law. Jurisdiction is also proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because there is minimal diversity, the class consists of over 100 persons, the amount in

2

controversy exceeds $5,000,000, and none of the statutory exceptions applies. This Court has personal jurisdiction over Defendant because Defendant has substantial contacts within this District, maintaining its principal place of business in this District. Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unsolicited calls in this District, and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District and received the calls at issue in this District.

## COMMON FACTUAL ALLEGATIONS

10.     Defendant Spinnaker is a Florida corporation. Upon information and belief, Defendant purchases lists of consumers to call without receiving their consent.

11.     Spinnaker has turned to unsolicited telemarketing as a way to increase its customer base as it seeks to generate sales for its vacation ownership business. Widespread telemarketing is a primary method by which Defendant recruits new customers.

12.     Online consumer complaints related to Spinnaker's telemarketing calls to consumers registered on the do not call registry are numerous. For example:

- This number calls me everyday. I am on the do not call list and I did not put my number in for anything. Wish they would stop calling.[1]

- I am on the DO NOT CALL list, Severely disabled, & in unremitting pain, due to a collapsing spine.  I never know if or when I can get any restful sleep!  I had a level 10 pain day, night & morning when I should have been sleeping, yesterday

---

[1]http://800notes.com/Phone.aspx/1-407-730-9939/2

> continuing into this morning! I finally got to sleep shortly after my wife left for work at 9:30am. At 10:31 I was rudely awakened by an auto dialer that was associated with phone # 314-445-1541. Now according to the research I did using the Internet the # is Spinnaker Time Shares.[2]

- 314-445-1541 just called again (3/17/13 at 8:48). I did not answer. Apparently the times share company calling again. I am on the Do Not Call list and, as I said before, it is a joke.[3]

- These people call at least once a week. I have reported them to the DNC people each time, so at least 6 times. I refuse to answer the phone. Get a real job and stop calling![4]

- This phone contacted my cell phone 100 times. I don't know who are they. I would like to report this phone as unwanted phone number.[5]

- this number keeps calling my cell phone several times each day. I do not answer. I have not solicited this call in any way and am not interested in speaking to them. I just want the calls to stop.[6]

- They have called me 5 times in 5 days even though I ask them every time not to call me.[7]

- If they were a legitimate company they would be abiding by the Do Not Call List and not calling people that didn't want to be called.[8]

13.    Defendant and/or their agent places repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry. Consumers register their phone numbers on the Do Not Call list for the express purpose of avoiding unwanted telemarketing calls like those alleged here. Defendant does not check its numbers against the Do Not Call list, and does not remove from its telemarketing lists the numbers of consumers who are

---

[2] http://800notes.com/Phone.aspx/1-314-445-1541

[3] http://800notes.com/Phone.aspx/1-314-445-1541

[4] http://800notes.com/Phone.aspx/1-314-445-1541

[5] http://800notes.com/Phone.aspx/1-314-445-1541

[6] http://800notes.com/Phone.aspx/1-417-851-4101/2

[7] http://www.bbb.org/southwestern-missouri/business-reviews/timeshare-companies/spinnaker-resorts-in-branson-mo-14041/complaints#sthash.Ug6U1kMa.dpuf

[8] http://800notes.com/Phone.aspx/1-407-588-9744/2

4

on the Do Not Call list. Furthermore, Defendant and/or their agents are not processing requests made by the called persons to not be called once they have been called.

14.     At all times material to this Complaint Defendant was and is fully aware that unsolicited telemarketing calls were and are being made to consumers' residential landlines through its own efforts and their agents.

15.     Defendant knowingly made (and continues to make) unsolicited telemarketing calls without the prior express consent of the call recipients and knowingly continued to call them after requests to stop. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

16.     Employees from Spinnaker have posted publicly on the internet about their experience of cold calling consumers:

- "They say you are not cold calling because you get leads from ads but you are basically cold calling people. The pay us not worth the stress you will have working here."[9]

- "Resort sales timeshare company. Cold calling residences for timeshare presentations…"[10]

- "Hard to work for a company that encourages deceit. The owners of the company encourage deceptive sales practices and are crooked."[11]

- "They treat you like you are dumb and tell you 'hey we have these new leads' and they are the same leads not only from the past few weeks and months, they are the same leads the other centers use."[12]

17.     In addition, Defendant continued to call consumers who have explicitly requested that the calls stop.

---

[9]https://www.indeed.com/cmp/Spinnaker-Resorts/reviews
[10]*Id.*
[11]*Id.*
[12]https://www.glassdoor.com/Reviews/Spinnaker-Vacation-Resorts-Reviews-E306378.htm

5

18.    Numerous complaints have been reported online from consumers who have

requested that Defendant stop calling and yet continued to receive more calls:

- Do not get involved with Spinnaker Resorts. Their telemarketing WILL harass you. I constantly receive calls from them, sometimes 3 to 4 times a day. They have refused to comply with my request to stop the calls and place me on the do not call list. They are also not concerned with being reported.[13]

- They have so far called twice today.  I answer, even though I know they are trying to sell me a vacation in Florida.  Today nobody would talk to me.  I have asked them many times to stop calling to no avail.[14]

- Eric from Spinnaker Resorts called to let me know I was eligible for their scam. I asked them to place me on their DNC list and he said "absolutely not."[15]

- Stop Calling!!! How can I stop these calls, they are not removing me.[16]

- Spinnaker Resorts seems to call from many, many different numbers. Have answered some of them in the past and explicitly requested to be put on their do not call list, they're not respecting it. [17]

- 407-734-3042 has been calling for at least two years offering a free vacation. I tell them I am not interested and to put me on their DO NOT CALL list. Think that does any good, think again. These people are running a scam to either get you to pay for a vacation or simply to get your credit card information for fraudulent activity.[18]

- Finally did answer, asked them to take me off of the calling list.  I guess they can't do that permanently...you have to ask to be taken off the list each time?[19]

- I have received several calls from Spinnaker Resorts. I have hung on them twice. The last call was on 6-27-15. I told the guy that I was not interested and for him not to call me back or I would report him and he had a smart comment back to me that it would not do any good because he had the right to call me and hung up.[20]

---

[13] https://www.yelp.com/biz/spinnaker-resorts-branson

[14] http://800notes.com/Phone.aspx/1-407-734-3042

[15] http://800notes.com/Phone.aspx/1-407-734-3042/2

[16] http://800notes.com/Phone.aspx/1-407-730-9939/2

[17] http://800notes.com/Phone.aspx/1-708-617-9550

[18] http://800notes.com/Phone.aspx/1-407-734-3042

[19] http://800notes.com/Phone.aspx/1-866-455-3577

[20] http://www.bbb.org/southwestern-missouri/business-reviews/timeshare-companies/spinnaker-resorts-in-branson-mo-14041/complaints#sthash.Ug6U1kMa.dpuf

- I told them on multiple occasions I did not go to their page and have no interest in traveling there. I requested my number be removed but they keep calling. Today the rep on the line laughed and said well you are the one who said you are interested in Branson. I said I am telling you more I am not and she just laughed again. Horrible customer service reps and I'm tired of them calling when I have told them multiple times to quit.[21]

- This phone number keeps calling even after I have TOLD them too STOP!!!!!![22]

- "I have been contacted repeatedly by individuals saying the are calling from Spinnaker Resorts Customer Care Dept. This has been going on for over a year. Sometimes they take a break but I often get 2 or 3 calls in a week. I am being told that somehow I have a credit with them, which I find had to believe as I have had no dealings with them. In any event as I had told every caller from the beginning, I have no interested in dealing with Spinnaker and no interest in travelling to the locations where they have their resorts. I have asked repeatedly that I be removed from their call list but they keep on calling. I received another call this morning which is the third one in this past week. Another concern is they are engaging in phone spoofing which I thought was illegal. The calls come in showing a local number on my caller ID. When I call the numbers that were on my caller ID they are always out of service. I have expressed my concern to the callers from Spinnaker who stayed on the line long enough for me to voice them and was told that a computer makes the calls."[23]

### FACTS SPECIFIC TO PLAINTIFF HENNA CARDENAS

19.     Plaintiff is a nurse who works at night and sleeps during the day, preferably without interruption.

20.     On February 9, 2010, Plaintiff registered her landline phone number on the National Do Not Call Registry specifically to avoid telemarketing calls.

21.     Starting in or around April 2015, Plaintiff began receiving multiple calls during the day on her landline telephone from different New Jersey telephone numbers, including 908-206-8623, 908-222-8013, 908-222-7407, 908-213-1884, 908-206-1351, and 908-213-0955.  The telemarketer always identifies themselves as calling from "Spinnaker Resorts."

---

[21] http://www.bbb.org/southwestern-missouri/business-reviews/timeshare-companies/spinnaker-resorts-in-branson-mo-14041/complaints#sthash.Ug6U1kMa.dpuf

[22] http://800notes.com/Phone.aspx/1-866-455-3577

[23] https://www.complaintsboard.com/complaints/spinnaker-resorts-aggressive-and-misleading-marketing-c806175.html

22.    When she answered each call, there would be a long pause, and then a voice which identified itself as representing Defendant Spinnaker would tell her that she had a credit that she had not used.

23.    Each time, Plaintiff told the caller she was not interested, that she was on the do not call registry, and not to call her back again.

24.    Plaintiff continued to receive dozens of calls from Defendant despite her previous request that they stop calling her. These calls were made using an automatic telephone dialing system and were made more than 30 days after Plaintiff asked not to be called.

25.    The calls were annoying and harassing and interrupted her necessary daytime sleep, making it more difficult to do her job at night.

26.    Plaintiff called back the phone numbers that kept calling her in an effort to tell them yet again to stop calling her, but each time reached a non-working telephone number, and thus her attempt to further opt-out of their calls was obstructed.

27.    Finally, on March 21, 2016, Plaintiff called the listed telephone number for Defendant Spinnaker in an effort to stop the calls. Plaintiff reached the customer service department and spoke to a representative whom she told to stop the calls. The customer service representative said she needed to contact the marketing department, and transferred Plaintiff to that extension. Nobody answered at that extension, and the call was routed to voicemail.  Plaintiff left a voicemail requesting the calls stop immediately.

28.    On April 21, 2016 Plaintiff received a call from 908-213-1884. The caller identified themselves as being from Spinnaker. Plaintiff told the operator to stop calling her. Despite this, Plaintiff received additional calls both within and beyond 30 days from this request.

8

29.    On April 25, 2016 Plaintiff received a call and the live operator identified the company she was calling from as Spinnaker Resort. The agent said that Plaintiff had a credit that was unused that could be applied to Spinnaker Resorts. Client has never had a relationship with Spinnaker. Client asked the operator where they got her phone number and she was unable to specifically identify the source of how they obtained her phone number.

30.    Spinnaker called Plaintiff from 908-428-4405 on June 29, 2016, June 30, 2016, July 3, 2016, July 15, 2016, July 17, 2016, and July 24, 2016.

31.    Spinnaker called Plaintiff on August 3, 2016. When Plaintiff answered, the operator identified herself as calling from Spinnaker Resort. Plaintiff demanded that they stop calling her.

32.    Despite her request, Defendant called her again from 908-428-4405 at 3:16 p.m. on August 5, 2016 and Plaintiff again told the operator to stop calling her. Despite that request, Defendant called her again at 8:28 p.m. that night from the same number.

33.    Defendant called Plaintiff against from 908-428-4405 on August 11, 2016 at 9:45 a.m., 10:14 a.m., and 2:09 p.m.

34.    Defendant called Plaintiff again on August 12, 2016 from 908-428-4405 at 12:44 p.m. and again at 1:40 p.m.

35.    Defendant called Plaintiff again on August 13, 2016 from 908-428-4405 at 9:57 a.m., 10:23a.m. and 2:30 p.m.

36.    Defendant called Plaintiff again on August 15, 2016 from 908-428-4405 at 9:58 a.m., 1:16 p.m., 2:58 p.m., and 5:41 p.m.

37.    Defendant called Plaintiff again on August 16, 2016 from 908-428-4405 at 12:53 p.m. and 2:56 p.m.  Plaintiff answered the calls at 5:34 p.m. and 7:00pm and told the operator each time to stop calling.

38.    Defendant called Plaintiff again on August 17, 2016 from 908-428-4405 at 10:08 p.m. and again at 10:13 a.m.  The caller identified themselves as Spinnaker resort and Plaintiff again told Defendant to stop calling her.

39.    Plaintiff received calls from 908-428-4405 on August 22, 2016. The caller identified themselves as Spinnaker Resorts and Plaintiff again told them to stop calling her.

40.    Plaintiff received calls from 908-428-4405 on August 24, 2016 at 11:50 a.m.

41.    Plaintiff received calls from 908-428-4405 on August 25, 2016 at 11:57 a.m. and at 4:58 p.m.

42.    Plaintiff received calls from 908-428-4405 on October 11, 2016 at 10:27 a.m.

43.    Plaintiff received calls from 908-428-4405 on October 20, 2016 at 9:45 a.m. and 2:30 p.m.

44.    Plaintiff received calls from 908-428-4405 on October 21, 2016 at 9:45 a.m. and 1:37 p.m.

45.    Plaintiff received calls from 908-428-4405 on October 22, 2016 at 1:54 p.m., on November 11, 2016, on November 14, 2016 at 11:27 a.m., and on November 15, 2016 at 11:35 a.m.

46.    Plaintiff received calls from Defendant on November 16, 2016 at 9:59 a.m, and at 2:08 p.m.

47.    Plaintiff does not have a relationship with Defendant, has never provided her telephone number directly to Defendant, or requested that Defendant place calls to her or offer

her its services. Simply put, Plaintiff has never provided her prior express consent to Defendant

to place calls to her and has no business relationship with Defendant.

48.    As a result of Defendant's repeated intrusive and unwanted telemarketing calls

within a 12-month period, more than 30 days after being told to stop calling, and Plaintiff suffered

actual harm in the form of annoyance, nuisance, and invasion of privacy.

49.    At the time it called Plaintiff, Defendant was aware that the above-described

telephone calls were and are being made to consumers like Plaintiff who had not consented to

receive them and whose telephone numbers were registered with the National Do Not Call

Registry.

50.    Each time it called Plaintiff after the first call in, Defendant was also aware that it

had placed more than one telemarketing call to Plaintiff's number within a 12-month period.

## CLASS ALLEGATIONS

51.    Plaintiff brings this action on behalf of herself and a class defined as follows

(the "Class"):

**No Consent-DNC Class:** All persons in the United States from four years prior to the filing of this action through the present (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days, (2) who thereafter received more than one telephone call made by or on behalf of Defendant within a 12-month period, (3) for whom Defendant obtained prior express consent to call in the same manner as Defendant claims it obtained consent to call the Plaintiff, (4) where the equipment used to make the calls was the same equipment used to call the Plaintiff.

**DNC Stop Calling Class**: All persons in the United States from four years prior to the filing of this action through the present (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant within a 12-month period; and (3) who requested that Defendant not call them again, (4) and who received at least one additional call from Defendant at least thirty days after requesting that Defendant not call them again.

11

Excluded from the Classes are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Plaintiff's counsel and Defendant's counsel.

52.     **Numerosity**: The exact size of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records and by reference to wholly objective criteria, like the DNC list and phone records.

53.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     Whether Defendant systematically made telephone calls to members of the Class who Defendant did not have consent to make such telephone calls;

(b)     Whether Defendant systematically made telephone calls to members of the Classes whose telephone numbers were registered with the National Do Not Call Registry;

(c)     Whether Defendant's conduct constitutes a violation of the TCPA; and

12

(d)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

55.    **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the No Consent-DNC Class)**

56.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

57.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

58.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

59.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the

14

time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

60.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to residential telephone subscribers such as Plaintiff and the No Consent-DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry. These consumers requested to not receive calls from Defendant as set forth in 47 C.F.R. § 64.1200(d)(3).

61.     Defendant made more than one unsolicited telephone call to Plaintiff within a 12-month period without Plaintiff's prior express consent to receive such calls. Defendant also made more than one unsolicited telephone call to each member of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the No Consent Do Not Call Class never provided any form of consent to receive telephone calls from Defendant, oral or written, and/or Defendant does not have a current record of consent to place telemarketing

calls to them. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone calls in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

62.    Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential telephone subscribers, such as Plaintiff and the No Consent-DNC Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them, and by not informing and training its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

63.    As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the No Consent Do Not Call Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the Stop Do Not Call Class)**

64.    Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to residential telephone subscribers such as Plaintiff and the Stop Do Not Call who were registered on the national do not call registry and who specifically told Defendant to stop calling them, and who received two more calls within a 12-month period from Defendant after informing Defendants to stop calling them. Defendant made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them and by failing to adequate inform and train its personnel in the existence and use of the do not call list.

16

65.    As a result of Defendant's unlawful conduct, Plaintiff and the Stop Do Not Call

Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member

of the Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. §

64.1200.

### THIRD CAUSE OF ACTION
**Knowing and/or Willful Violations of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the No Consent-DNC Class)**

66.    Plaintiff repeats and realleges the above paragraphs of this Complaint and

incorporates them herein by reference.

67.    Defendants knowingly and/or willfully initiated, or caused to be initiated,

telephone solicitations to residential telephone subscribers such as Plaintiff and the No Consent-

DNC Class members who registered their respective telephone numbers on the National Do Not

Call Registry and who received more than one call within a 12-month period.

68.    Each of the aforementioned calls by Defendant constitutes a knowing and/or

willful violation of the TCPA.

69.    As a result of Defendant's knowing and/or willful violations of the TCPA,

Plaintiffs and the No Consent Do Not Call Class are entitled to an award of treble damages up to

$1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

### FOURTH CAUSE OF ACTION
**Knowing and/or Willful Violations of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Stop Do Not Call Class)**

70.    Plaintiff repeats and realleges the above paragraphs of this Complaint and

incorporates them herein by reference.

71.    Defendant knowingly and/or willfully initiated, or caused to be initiated, telephone

solicitations to residential telephone subscribers such as Plaintiff and the Stop Do Not Call Class

members who registered their respective telephone numbers on the National Do Not Call Registry and who received more than one call within a 12-month period from Defendant *after* informing Defendant to stop calling them.

72.    Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

73.    As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs and the Stop Do Not Call Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Henna Cardenas, individually and on behalf of the Class, prays for the following relief:

1.    An order certifying the Classes as defined above, appointing Plaintiff Henna Cardenas as the representative of the Classes, and appointing her counsel as Class Counsel;

2.    An award of actual and statutory damages;

3.    An injunction requiring Defendant and their agents to cease all unsolicited telephone calling activities, to honor do not call requests, and to provide a domestic number for opting out, and otherwise protecting the interests of the Classes;

4.    A declaratory judgment declaring that Defendant's calls violated the TCPA, that Defendant did not institute procedures that comply with the regulatory minimum standards for maintaining a list of persons who are registered on the National Do Not Call Registry and scrubbing those numbers from their dialing list;

5.    A declaratory judgment declaring that Defendant did not institute procedures that comply with the regulatory minimum standards for maintaining a list of persons who request

not to receive telemarketing calls from them and to stop calling them;

6.    An award of reasonable attorneys' fees and costs; and

7.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**HENNA CARDENAS**, individually and on behalf of class of similarly situated individuals

Dated: March 14, 2018        By:        /s/Margaret A. Collins,
                                              One of Plaintiff's Attorneys

Margaret A. Collins, Esquire,
Attorney for Plaintiff
P.S.L.G., LLC d/b/a Palmetto State Law Group, LLC
1087B Harbor Drive
West Columbia, SC 29169
Office: (803) 708-7442
PBX: (803) 251-9003
Facsimile: (803) 753-9352

Steven Woodrow*
swoodrow@ppeluso.com
Patrick Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Phone: (720) 213-0675

Stefan Coleman
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

*Motions for admission *pro hac vice* to be filed

19